1
2
3
4
5
6
7
8
9

# UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF CALIFORNIA

10  HAROLD WALKER,                    )    1:04-cv-06452-AWI-TAG HC
                                      )
11          Petitioner,               )    ORDER TO SHOW CAUSE
                                      )    WHY PETITION FOR WRIT OF HABEAS
12      v.                            )    CORPUS SHOULD NOT  BE DISMISSED
                                      )    FOR FAILURE TO COMPLY WITH COURT
13  FRESNO COUNTY JAIL,               )    ORDER
                                      )    (Doc. 1)
14                                    )
                                      )
15          Respondent.               )
                                      )
    _____ )
16
17          Petitioner is a state prisoner proceeding pro se with a petition for writ of habeas corpus

18  pursuant to 28 U.S.C. § 2254.   On October 26, 2004, Petitioner filed the instant petition in the

19  United States District Court for the Eastern District of California, Fresno Division.  (Doc. 1).

20          On February 28, 2005, the Court issued an order requiring Petitioner to amend the instant

21  petition to name a proper respondent.  (Doc. 6).   In that order, the Court pointed out that a

22  petitioner seeking habeas corpus relief under 28 U.S.C. § 2254 _must_ name the state officer

23  having custody of him as the respondent to the petition.  Rule 2 (a) of the Rules Governing §

24  2254 Cases; <u>Ortiz-Sandoval v. Gomez</u>, 81 F.3d 891, 894 (9th Cir. 1996); <u>Stanley v. California

25  Supreme Court</u>, 21 F.3d 359, 360 (9th Cir. 1994).  This individual would normally be the warden

26  of the prison in which the petitioner is incarcerated because the warden has "day-to-day control

27  over" the petitioner. <u>Brittingham v. United States</u>, 982 F.2d 378, 379 (9th Cir. 1992); <u>see also</u>,

28  <u>Stanley v. California Supreme Court</u>, 21 F.3d 359, 360 (9th Cir. 1994).   The order clearly

1

1   indicated that the "Fresno County Jail" was not the individual who had day-to-day control over

2   Petitioner.

3        On March 15, 2005, Petitioner filed an "objectioner [sic] to amend petition to name a

4   proper respondent" (Doc. 7), in which Petitioner contends that the named respondent, Fresno

5   County Jail, was indeed the proper respondent.   (Doc. 7, p. 3).   Petitioner's legal opinion is at

6   variance with established law and, in any event, his "objection" does not alter the legal reality

7   that Petitioner has named an improper respondent in this action.  Unless Petitioner files an

8   amended petition naming the proper respondent, this Court has no jurisdiction to proceed in this

9   action and will recommend that the petitioner be dismissed.  <u>Stanley</u>, 21 F.3d at 360;  <u>Olson v.</u>

10  <u>California Adult Auth.</u>, 423 F.2d 1326, 1326 (9th Cir. 1970); <u>see also</u>, <u>Billiteri v. United States</u>

11  <u>Bd. Of Parole</u>, 541 F.2d 938, 948 (2nd Cir. 1976).

12       Moreover, Petitioner's failure to comply with the Court's order also requires dismissal of

13  his petition.  A court may dismiss an action, with prejudice, based on a party's failure to obey a

14  court order.  <u>Malone v. U.S. Postal Service</u>, 833 F.2d 128, 130 (9th Cir. 1987).  The February 28,

15  2005, Order was specific and unambiguous in requiring Petitioner to file an amended petition,

16  not simply to object to the Court's order.  The Court, however,  will permit Petitioner to show

17  good cause why the Petition should not be dismissed for failure to follow the Court's order by

18  filing an amended petition within the thirty-day period herein provided.  In so doing, the Court

19  notes that in an unrelated filing in this case, Petitioner has indicated to the Court that he is

20  presently in the custody of the California Department of Corrections and is incarcerated at Wasco

21  State Prison.  If this information is correct, and Petitioner chooses to file an amended petition, he

22  should name the warden of Wasco State Prison as the proper respondent in his amended petition.

23  The warden of Wasco State Prison is Pat Vazquez.

24  **ORDER**

25       Accordingly, the Court HEREBY ORDERS:

26       Petitioner is GRANTED THIRTY (30) days from the date of service of this Order, to

27  SHOW CAUSE why the petition should not be dismissed for failing to comply with the

28  Court's order of February 28, 2005 (Doc. 6), requiring Petitioner to file an amended

petition naming the proper respondent.  Petitioner can establish good cause by filing the previously ordered amended petition which names the correct respondent, within the thirty-day (30) period herein provided.   An amended petition should be clearly and boldly titled "AMENDED PETITION," contain the appropriate case number, and be an original signed under penalty of perjury.  Petitioner is advised that the form petition must set forth all claims for relief, including the facts and arguments in support of those claims. Petitioner should also note that every pleading to which an amendment is permitted must be retyped or rewritten and filed so that it is complete in itself without reference to the prior or superseded pleading.  Local Rule 15-220.

Petitioner is forewarned that his failure to comply with this order will result in a recommendation that the petition be dismissed pursuant to Local Rule 11-110.

IT IS SO ORDERED.

**Dated:    May 6, 2005**          **/s/ Theresa A. Goldner**
j6eb3d                            UNITED STATES MAGISTRATE JUDGE