# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | | |
|---|---|---|
| HAROLD WALKER, | ) | 1:04-cv-06452-AWI-TAG HC |
| Petitioner, | ) ) | FINDINGS AND RECOMMENDATION TO DENY PETITIONER'S MOTION FOR |
| v. | ) ) | ACCESS TO LAW LIBRARY (Doc. 7) |
| FRESNO COUNTY JAIL, | ) ) | ORDER DISCHARGING COURT'S ORDER TO SHOW CAUSE DATED MAY 6, 2005 |
| Respondent. | ) ) | (Doc. 8) |
| | ) ) | ORDER DISREGARDING AS MOOT PETITIONER'S OBJECTIONS TO COURT'S |
| | ) | ORDER TO AMEND (Doc. 7) |

Petitioner is a state prisoner proceeding pro se with a Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2254.

**PROCEDURAL HISTORY**

On October 26, 2004, Petitioner filed a petition for writ of habeas corpus in the United States District Court for the Eastern District of California, Fresno Division. (Doc. 1). On February 28, 2005, the Court issued an order requiring Petitioner to amend the petition to name a proper respondent. (Doc. 6). On March 15, 2005, Petitioner filed a motion requesting that the Court issue an order permitting Petitioner access to the prison law library at Wasco State Prison. (Doc. 7). On May 6, 2005, the Court issued an order to show cause why the petition should not be dismissed for failure to amend the petition in accordance with the Court's order. (Doc. 8). On June 7, 2005, Petitioner filed an amended petition for writ of habeas corpus. (Doc. 9).

1

Petitioner's motion for access to the prison law library contends that Petitioner is being "denied access to the law library and all legal material." (Doc. 7, p. 2). Petitioner also contends he has been denied the opportunity to read legal materials and copy cases. (Id.). Petitioner seeks a court order giving him access to the law library. (Id.). The Court construes Petitioner's motion as a request for injunctive relief.

## DISCUSSION

Petitioner's motion for an injunction compelling respondent to provide him with law library access should be denied for two reasons. First, the requirements for injunctive relief have not been satisfied, i.e. Petitioner has failed to show irreparable injury. Second, the Court's habeas jurisdiction, which is limited to claims addressing the fact of Petitioner's confinement, does not extend to claims addressing the conditions of Petitioner's confinement; rather, confinement issues are properly brought as civil rights actions pursuant to 42 U.S.C. § 1983.

A. The Requirements For Injunctive Relief Have Not Been Satisfied.

The purpose of a preliminary injunction is to preserve the status quo if the balance of equities so heavily favors the moving party that justice requires the Court to intervene to secure the positions until the merits of the action are ultimately determined. University of Texas v. Camenisch, 451 U.S. 390, 395 (1981). The general legal principles applicable to a request for preliminary injunctive relief are well established. To prevail, the moving party must show either (1) a combination of probable success on the merits and the possibility of irreparable injury, or (2) the existence of serious questions going to the merits, the balance of hardships tipping sharply in the moving party's favor, and at least a fair chance of success on the merits. Owner Operator Independent Drivers Ass'n., Inc. v. Swift Transportation Co., Inc., 367 F.3d 1108, 1111 (9th Cir. 2004). These two formulations represent two points on a sliding scale, on which the required degree of irreparable injury increases as the probability of success decreases. Id.; Oakland Tribune, Inc. v. Chronicle Publishing Company, Inc., 762 F.2d 1374, 1376 (9th Cir. 1985). "Under any formulation of the test, plaintiff must demonstrate that there exists a significant threat of irreparable injury." Oakland Tribune, Inc., 762 F.2d at 1376. In the absence of a significant

///

showing of irreparability, the court need not reach the issue of likelihood of success on the merits. Id. Here, Petitioner has failed to show irreparable harm.

Prisoners have a constitutional right of access to the courts. Lewis v. Casey, 518 U.S. 343, 350 (1996); Bounds v. Smith, 430 U.S. 817, 821 (1977). There is no absolute right to use a prison law library; 'prison law libraries and legal assistance programs are not ends in themselves, but only the means for ensuring "a reasonably adequate opportunity to present claimed violations of fundamental constitutional rights to the court."' Lewis v. Casey, 518 U.S. at 351, *quoting* Bounds v. Smith, 430 U.S. at 825. A prisoner's denial of access to the courts claim must be founded on "actual injury" and applies only to attacks upon a conviction or sentence, and civil rights actions challenging the conditions of confinement. Lewis v. Casey, 518 U.S. 343.

In order to show that he has suffered or will imminently suffer actual injury, a prisoner must establish that he is being hindered in his efforts to pursue a nonfrivolous claim concerning his conviction, sentence, or conditions of confinement. Lewis v. Casey, 518 U.S. at 353-355. The Ninth Circuit has interpreted the right of access as extending only through the pleadings stage, and not to include the right to successfully litigate the matter through resolution. Id. at 354; see, Cornett v. Donovan, 51 F. 3d 894, 898 (9th Cir. 1995).

Although Petitioner contends that he has been denied access to the law library, his generalized allegation, without more, fails to demonstrate actual injury, as required by Lewis v. Casey, 518 U.S. 343. Moreover, the chronology of this case is inconsistent with Petitioner's contention of irreparable harm. Subsequent to the filing of the instant motion alleging lack of library access, Petitioner filed an amended petition in accordance with the Court's prior order. (Docs. 7, 9). It thus appears that Petitioner's ability to litigate effectively to date has not been compromised through the pleadings stage to date, and therefore his lack of access to the law library and to unidentified "other materials" has not hindered his efforts to pursue a legal claim.

The Court will screen the amended petition and issue appropriate orders for either an amended petition or a response to be filed. However, because Petitioner has not made an adequate showing that he has suffered or is in imminent danger of suffering irreparable injury,

///

the Court need not address the issue of the likelihood of prevailing on the merits. Oakland Tribune, Inc., 762 F.2d at 1376. Accordingly, the motion for injunctive relief should be denied.

B. The Court Lacks Habeas Jurisdiction To Consider Conditions of Confinement.

A federal court is a court of limited jurisdiction. As a threshold and preliminary matter, the Court must have before it for consideration a "case" or "controversy." Flast v. Cohen, 392 U.S. 83, 88 (1968). Absent such a case or controversy, the Court has no power to hear the matter. Rivera v. Freeman, 469 F.2d 1159, 1162-1163 (9th Cir. 1972).

The Court's habeas jurisdiction was invoked when Petitioner filed his habeas petition raising the following four claims related to Petitioner's convictions for battery, corporal injury to a spouse, false imprisonment by violence, resisting arrest, vandalism, and making a criminal threat: (1) judicial misconduct in admitting certain evidence at trial and denying Petitioner's request for a new attorney; (2) denial of Petitioner's right to represent himself; (3) violation of Petitioner's right to a speedy trial; and (4) ineffective assistance of trial counsel. (Doc. 9, pp. 5-6).

Thus, the "case" or "controversy" over which this Court has habeas jurisdiction is framed by these allegations. None of these claims, however, relates in any fashion to the denial of access to the prison law library. Since the amended petition does not contain allegations raising issues similar to those presented in Petitioner's motion, there is no controversy present with respect to the issues in Petitioner's motion to which the Court's habeas jurisdiction would extend, nor would the issuance of the order sought by Petitioner in his motion relief as to any of the claims contained in his amended petition. Accordingly, the Court lacks jurisdiction to issue such an order.[1]

///

---

[1] To the extent that prison officials are violating Petitioner's right of access to the courts, Petitioner is not precluded from raising a claim in a separate action brought under 42 U.S.C. § 1983. However, a preliminary injunction may not be issued in this case to remedy that claim. A petition for writ of habeas corpus concerns whether a petitioner's *conviction and confinement* violates the United States Constitution. 28 U.S.C. § 2254 (a). Challenges to prison *conditions* are properly brought under 42 U.S.C. § 1983. McCarthy v. Bronson, 500 U.S. 136, 141-142, 111 S.Ct. 1737, 1741-1742 (1991); Preiser v. Rodriguez, 411 U.S. 475, 499, 93 S.Ct, 1827, 1841 (1973); Advisory Committee Notes to Rule 1 of the Rules Governing Section 2254 Cases. Petitioner's denial of law library access claim concerns a condition of his confinement.

4

C.  <u>Order to Show Cause</u>.

On May 6, 2005, the Court issued an order to show cause why the petition should not be dismissed for failure to amend the petition in accordance with the Court's February 28, 2005 order to amend the petition to name a proper respondent. (Docs. 6, 8).  On June 7, 2005, Petitioner filed an amended petition for writ of habeas corpus that appears to name the proper respondent. (Doc. 9).  Because Petitioner has now complied with the Court's prior order to amend, the Court will discharge the order to show cause.

D.  <u>Petitioner's Objection to the Order to Amend</u>.

Along with his motion for injunctive relief, Petitioner also filed a "Objectioner [sic] to Amend Petitioner to Name a Proper Respondent." (Doc. 7).  In that document, Petitioner disagrees with the Court's order to amend, contending instead that "Fresno County Jail" is indeed a proper respondent in a habeas corpus petition.  (<u>Id</u>.).  In light of the fact that Petitioner subsequently filed an amended petition naming the proper respondent, Petitioner's Objections will be disregarded as moot.

**ORDER**

Accordingly, it is HEREBY ORDERED that:

1. The Court's Order to Show Cause dated May 6, 2005 (Doc. 8), is DISCHARGED; and

2. Petitioner's Objections to the Order to Amend (Doc. 7), is DISREGARDED as MOOT.

**RECOMMENDATION**

Based on the foregoing, it is HEREBY RECOMMENDED that Petitioner's motion for preliminary injunctive relief, filed March 15, 2005 (Doc. 7), be DENIED without prejudice.

These findings and recommendation will be submitted to the United States District Judge assigned to the case, pursuant to the provisions of Title 28 U.S.C. § 636(b)(l).  Within thirty (30) days after being served with these findings and recommendation, the parties may file written objections with the court.  The document should be captioned "Objections to Magistrate Judge's Findings and Recommendation."  The parties are advised that failure to file objections within the

///

1 | specified time may waive the right to appeal the District Court's order.  <u>Martinez v. Ylst</u>, 951
2 | F.2d 1153 (9th Cir. 1991).

4 | IT IS SO ORDERED.

5 | **Dated:    July 1, 2005**                             /s/ Theresa A. Goldner
  | j6eb3d                                              UNITED STATES MAGISTRATE JUDGE