UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | | |
|---|---|---|
| HAROLD WALKER, | ) | 1:04-cv-06452-AWI-TAG HC |
| | ) | |
| Petitioner, | ) | ORDER STRIKING SECOND AMENDED PETITION FILED APRIL 12, 2007 (Doc. 19) |
| | ) | |
| v. | ) | ORDER DIRECTING CLERK OF COURT TO RETURN TO PETITIONER THE AMENDED PETITION LODGED MAY 21, 2007 |
| GEORGE J. GIUBINO, et al., | ) | |
| | ) | |
| Respondents. | ) | |

     Petitioner is a state prisoner proceeding pro se and in forma pauperis with a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254.  Petitioner filed his Petition on October 26, 2004. (Doc. 1).  On June 7, 2005, Petitioner filed an amended petition.  (Doc. 9).  On March 21, 2007, the Court conducted its preliminary review of the Amended Petition and ordered Respondent to file a response.  (Doc. 18).  Subsequently, on April 12, 2007, without leave of Court, Petitioner sent to the Court a document entitled Second Amended Petition, which was erroneously filed with the Court notwithstanding the fact that Petitioner did not have leave of Court to file an amended petition. (Doc. 19).

     A petitioner may amend a petition for writ of habeas corpus once "as a matter of course," and without leave of Court, before a response has been filed under Federal Rule of Civil Procedure 15(a), as applied to habeas corpus actions pursuant to 28 U.S.C. § 2242 and Rule 11 of the Rules Governing Section 2254 Cases.  <u>Calderon v. United States District Court (Thomas)</u>, 144 F.3d 618, 620 (9th Cir. 1998); <u>Bonn v. Calderon</u>, 59 F.3d 815, 845 (9th Cir. 1995).  Leave of Court is required for all other amendments.  Rule Civ. P. 15(a).  Accordingly, the Court will order that the Second Amended Petition (Doc. 19) be STRICKEN.

On May 17, 2007, Respondent filed a motion to dismiss the amended petition of June 7, 2005. (Doc. 22). On May 21, 2007, Petitioner attempted to file yet another amended petition, which was lodged by the Clerk of Court rather than filed. Under Rule 15(a), once a responsive pleading has been filed, a petitioner must seek leave of court before being allowed to amend. Fed. R. Civ. P. 15(a); see also Anthony v. Cambra, 236 F.3d 568, 577 (9th Cir. 2000).   As in the previous instance, Petitioner did not have leave of the Court to submit an amended petition.  Here, of course, Respondent had already filed a responsive pleading.  Thus, the Clerk of the Court properly lodged, rather than filed, this document.  Petitioner has neither sought nor been granted leave to file an amended petition in either instance. Accordingly, the Court will order that the lodged petition of May 21, 2007, be RETURNED to Petitioner.

**ORDER**

For the foregoing reasons, the Court HEREBY ORDERS as follows:

1. The Second Amended Petition filed on April 12, 2007 (Doc. 19), is STRICKEN; and,

2. The Clerk's Office is DIRECTED to return to Petitioner the amended petition lodged with the Court on May 21, 2007.

IT IS SO ORDERED.

Dated:   **May 22, 2007**                              **/s/ Theresa A. Goldner**
                                                      UNITED STATES MAGISTRATE JUDGE

2