UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| HAROLD WALKER,<br><br>           Petitioner,<br><br>    v.<br><br>GEORGE J. GIURBINO, et al.,<br><br>           Respondents. | 1:04-cv-06452-TAG HC<br><br>ORDER GRANTING PETITIONER LEAVE TO FILE MOTION FOR STAY OF PROCEEDINGS, OR TO FILE MOTION TO WITHDAW UNEXHAUSTED CLAIM<br><br>DEADLINE TO FILE MOTION: 20 DAYS |

Petitioner is a state prisoner proceeding pro se on a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254.

The instant petition was filed on October 26, 2004.  (Doc. 1).  On June 7, 2005, Petitioner filed an amended petition.  (Doc. 9).  On March 21, 2007, the Court ordered Respondent to file a response.  (Doc. 18).  On May 17, 2007, Respondent filed the instant motion to dismiss, contending that two of Petitioner's three claims were unexhausted.  (Doc. 22).  On May 29, 2007, Petitioner filed a reply to the motion to dismiss, arguing that Respondent was in error and that the two grounds had indeed been exhausted.  (Doc. 27).  On June 13, 2007, Respondent filed a response to Petitioner's reply, acknowledging that one of the two grounds was exhausted, but contending that ground three had not been exhausted.  (Doc. 29).  On June 28, 2007, Petitioner filed an opposition to the response, again maintaining that ground three was exhausted but asking to withdraw ground three and proceed on the merits of grounds one and two should the Court agree with Respondent. (Doc. 30).

///

1

## DISCUSSION

Respondent's motion to dismiss is based on Respondent's contention that Petitioner has failed to exhaust ground three in the California Supreme Court.

A petitioner who is in state custody and wishes to collaterally challenge his conviction by a petition for writ of habeas corpus must exhaust state judicial remedies. 28 U.S.C. § 2254(b)(1). The exhaustion doctrine is based on comity to the state court and gives the state court the initial opportunity to correct the state's alleged constitutional deprivations. Coleman v. Thompson, 501 U.S. 722, 731 (1991); Rose v. Lundy, 455 U.S. 509, 518 (1982); Buffalo v. Sunn, 854 F.2d 1158, 1163 (9th Cir. 1988).

A petitioner can satisfy the exhaustion requirement by providing the highest state court with a full and fair opportunity to consider each claim before presenting it to the federal court. Duncan v. Henry, 513 U.S. 364, 365 (1995); Picard v. Connor, 404 U.S. 270, 276 (1971); Johnson v. Zenon, 88 F.3d 828, 829 (9th Cir. 1996). A federal court will find that the highest state court was given a full and fair opportunity to hear a claim if the petitioner has presented the highest state court with the claim's factual and legal basis. Duncan, 513 U.S. at 365 (legal basis); Kenney v. Tamayo-Reyes, 504 U.S. 1, 112 S.Ct. 1715, 1719 (1992) (factual basis).

Additionally, the petitioner must have specifically told the state court that he was raising a federal constitutional claim. Duncan, 513 U.S. at 365-66; Lyons v. Crawford, 232 F.3d 666, 669 (9th Cir. 2000), *amended*, 247 F.3d 904 (2001); Hiivala v. Wood, 195 F.3d 1098, 1106 (9th Cir. 1999); Keating v. Hood, 133 F.3d 1240, 1241 (9th Cir. 1998). In Duncan, the United States Supreme Court reiterated the rule as follows:

> In Picard v. Connor, 404 U.S. 270, 275 . . . (1971), we said that exhaustion of state remedies requires that petitioners "fairly presen[t]" federal claims to the state courts in order to give the State the "opportunity to pass upon and correct alleged violations of the prisoners' federal rights" (some internal quotation marks omitted). If state courts are to be given the opportunity to correct alleged violations of prisoners' federal rights, they must surely be alerted to the fact that the prisoners are asserting claims under the United States Constitution. If a habeas petitioner wishes to claim that an evidentiary ruling at a state court trial denied him the due process of law guaranteed by the Fourteenth Amendment, he must say so, not only in federal court, but in state court.

Duncan, 513 U.S. at 365-366. The Ninth Circuit examined the rule further, stating:

> Our rule is that a state prisoner has not "fairly presented" (and thus exhausted) his federal claims in state court *unless he specifically indicated to that court that those claims were based on federal law*. See Shumway v. Payne, 223 F.3d 982, 987-88 (9th Cir. 2000). Since the Supreme Court's decision in Duncan, this court has held that the *petitioner must make the federal basis of the claim explicit either by citing federal law or the decisions of federal courts, even if the federal basis is "self-evident*," Gatlin v. Madding, 189 F.3d 882, 889 (9th Cir. 1999) (citing Anderson v. Harless, 459 U.S. 4, 7 . . . (1982), or the underlying claim would be decided under state law on the same considerations that would control resolution of the claim on federal grounds. Hiivala v. Wood, 195 F3d 1098, 1106-07 (9th Cir. 1999); Johnson v. Zenon, 88 F.3d 828, 830-31 (9th Cir. 1996); . . . .
>
> In Johnson, we explained that the petitioner must alert the state court to the fact that the relevant claim is a federal one without regard to how similar the state and federal standards for reviewing the claim may be or how obvious the violation of federal law is.

Lyons v. Crawford, 232 F.3d 666, 668-669 (9th Cir. 2000) (italics added).

Petitioner raises four issues in his amended petition: (1) judicial misconduct; (2) denial of Petitioner's right to self-representation; and (3) violation of his right to speedy trial and due process; and (4) ineffective assistance of counsel. (Doc. 9 pp. 5-6). Concurrent with the filing of the instant motion to dismiss, Respondent lodged documents with the Court that establishes that Petitioner presented Grounds Two and Four to the California Supreme Court. (Doc. 22, p. 3; Lodged Documents ("LD") 3, 5). However, Respondent contended that Grounds One and Three were not exhausted. In response to Petitioner's contention that he had exhausted Grounds One and Three as well, Respondent filed a supplemental brief acknowledging that Petitioner had exhausted Ground One. (Doc. 29, p. 2). However, Respondent maintained that Petitioner had never exhausted Ground Three. (Id.). For his part, Petitioner responds that he has exhausted that claim, but presents no new information or evidence to support such an allegation.

However, Petitioner has requested that, should the Court conclude that one or more grounds are unexhausted, that he should be permitted with withdraw the unexhausted claim(s) and proceed on the merits of the remaining claims. (Doc. 30, p. 2). The Ninth Circuit has long held that the district court must allow petitioners to amend mixed petitions and withdraw unexhausted claims as an alternative to dismissal. Smith v. Ratelle, 323 F.2d 813, 817 (9th Cir. 2003); James v. Giles, 221 F.2d 1074, 1077 (9th Cir. 2000)(petitioners "unquestionably" have the right to amend mixed petitions to delete unexhausted claims as an alternative to suffering dismissal).

///

Under the Local Rules for this Court, any request for judicial activity is a "motion." Local Rule 1-101(19). The Local Rules contemplate that when a party requests judicial action, he do so by way of a motion. Local Rule 78-230(b), (m). Here, Petitioner has not filed a formal motion requesting the withdrawal of Ground Three; rather, he has suggested that the Court might undertake that action on condition that the Court finds the claim to be unexhausted.

Rather than respond to Petitioner's conditional suggestion, the Court will grant Petitioner leave to formulate his request as a motion for leave to withdraw Ground Three in lieu of dismissing the petition as a mixed petition. If Petitioner files and the Court grants said motion, the Court will order Respondent to file a response to the merits of the remaining grounds in the amended petition.

However, Petitioner also has the option of requesting a stay and abeyance of proceedings in order to exhaust Ground Three in state court. Traditionally, a district court has had the discretion to stay a petition which it may validly consider on the merits. Calderon v. United States Dist. Court (Taylor), 134 F.3d 981, 987-988 (9th Cir. 1998); Greenawalt v. Stewar7, 105 F.3d 1268, 1274 (9th Cir. 1997). Notwithstanding the foregoing, until recently, federal case law continued to require that the Court dismiss "mixed" petitions containing both exhausted and unexhausted claims. Rose, 455 U.S. 509.

Then the United States Supreme Court decided Rhines v. Weber, 544 U.S. 269 (2005). Recognizing that "[a]s a result of the interplay between AEDPA's 1-year statute of limitations[1] and Lundy's dismissal requirement, petitioners who come to federal court with 'mixed' petitions run the risk of forever losing their opportunity for any federal review of their unexhausted claims," the Supreme Court held that federal courts may issue "stay and abey" orders under appropriate circumstances to permit petitioners to exhaust unexhausted claims before proceeding with their federal petitions. Rhines, 544 U.S. at 275. In so holding, the Supreme Court noted that, while the procedure should be "available only in limited circumstances," it "likely would be an abuse of discretion for a district court to deny a stay and to dismiss a mixed petition if the petitioner had good cause for his failure to exhaust, his unexhausted claims are potentially meritorious, and there is no indication that the petitioner engaged in intentionally dilatory litigation tactics." Rhines, 544 U.S. at

---

[1] The Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA), 28 U.S.C. § 1244(d).

4

278.

Thus, at this juncture, the Court will grant Petitioner twenty days to indicate, by properly filed motion, whether he wishes to proceed on the unexhausted claims or stay the proceedings to exhaust Ground Three. Of course, Petitioner may do nothing at all, in which case the Court may grant the motion to dismiss.

## **ORDER**

Accordingly, the Court HEREBY ORDERS as follows:

1. Petitioner is granted leave to file, within twenty (20) days of the date of service of this order, either: (1) a motion to withdraw Ground Three and proceed on the merits of the remaining grounds; or (2) a motion to stay proceedings in order to exhaust Ground Three.
2. No extensions of time will be granted.

IT IS SO ORDERED.

Dated:   **February 13, 2008**                                   /s/ Theresa A. Goldner
                                                                              UNITED STATES MAGISTRATE JUDGE