# UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| HAROLD WALKER,<br><br>    Petitioner,<br><br>    v.<br><br>GEORGE J. GIURBINO, et al.,<br><br>    Respondents. | 1:04-cv-6452-TAG HC<br><br>ORDER GRANTING MOTION TO DISMISS<br>FOR LACK OF EXHAUSTION<br>(Doc. 22)<br><br>ORDER DISMISSING AMENDED PETITION<br>(Doc. 9)<br><br>ORDER DIRECTING CLERK OF COURT<br>TO ENTER JUDGMENT AND CLOSE CASE |

Petitioner is a state prisoner proceeding pro se on a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254.

The instant petition was filed on October 26, 2004. (Doc. 1). On June 7, 2005, Petitioner filed an amended petition. (Doc. 9). On May 17, 2007, Respondent filed the instant motion to dismiss, contending that two of Petitioner's three claims were unexhausted. (Doc. 22). On May 29, 2007, Petitioner filed an opposition to the motion to dismiss, arguing that Respondent was in error and that the two grounds had been exhausted. (Doc. 27). On June 13, 2007, Respondent filed a reply to Petitioner's opposition, acknowledging that one of the two grounds was exhausted, but contending that Ground Three had not been exhausted. (Doc. 29). On June 28, 2007, Petitioner filed an opposition to the reply, again maintaining that Ground Three was exhausted, but then implying that, should the Court find the claim unexhausted, it might permit the claim to be withdrawn. (Doc. 30).

On February 14, 2008, recognizing that Petitioner's "suggestion" regarding withdrawal of Ground Three was not in the form of a motion for judicial action, the Court issued an order presenting Petitioner with a clear choice of either filing a formal motion to withdraw the unexhausted claim or formally requesting a stay of proceedings to exhaust that unexhausted claim in state court. (Doc. 36). On February 25, 2008, Petitioner filed a motion asking the Court to grant the petition, but making no reference to either of the alternatives given to him by the Court's February 14, 2008 order.

## DISCUSSION

A.  Procedural Grounds for Motion to Dismiss

Rule 4 of the Rules Governing Section 2254 Cases allows a district court to dismiss a petition if it "plainly appears from the face of the petition and any exhibits annexed to it that the petitioner is not entitled to relief in the district court . . . ." Rule 4 of the Rules Governing Section 2254 Cases.

The Ninth Circuit has allowed Respondents to file a motion to dismiss in lieu of an answer if the motion attacks the pleadings for failing to exhaust state remedies or being in violation of the state's procedural rules. See, e.g., O'Bremski v. Maass, 915 F.2d 418, 420 (9th Cir. 1990) (using Rule 4 to evaluate motion to dismiss petition for failure to exhaust state remedies); White v. Lewis, 874 F.2d 599, 602-603 (9th Cir. 1989) (using Rule 4 as procedural grounds to review motion to dismiss for state procedural default); Hillery v. Pulley, 533 F.Supp. 1189, 1194 & n.12 (E.D. Cal. 1982)(same). Thus, a respondent can file a motion to dismiss after the Court orders a response, and the Court should use Rule 4 standards to review the motion. See Hillery, 533 F. Supp. at 1194 & n. 12.

In this case, Respondent's motion to dismiss is based on Respondent's contention that Petitioner has failed to exhaust ground three in the California Supreme Court. Accordingly, the Court will review Respondent's motion to dismiss pursuant to its authority under Rule 4. O'Bremski, 915 F.2d at 420.

///

///

B.  Exhaustion.

A petitioner who is in state custody and wishes to collaterally challenge his conviction by a petition for writ of habeas corpus must exhaust state judicial remedies. 28 U.S.C. § 2254(b)(1). The exhaustion doctrine is based on comity to the state court and gives the state court the initial opportunity to correct the state's alleged constitutional deprivations. Coleman v. Thompson, 501 U.S. 722, 731, 111 S.Ct. 2546 (1991); Rose v. Lundy, 455 U.S. 509, 518, 102 S.Ct. 1198 (1982); Buffalo v. Sunn, 854 F.2d 1158, 1163 (9th Cir. 1988).

A petitioner can satisfy the exhaustion requirement by providing the highest state court with a full and fair opportunity to consider each claim before presenting it to the federal court. Duncan v. Henry, 513 U.S. 364, 365, 115 S.Ct. 887 (1995); Picard v. Connor, 404 U.S. 270, 276, 92 S.Ct. 509 (1971); Johnson v. Zenon, 88 F.3d 828, 829 (9th Cir. 1996). A federal court will find that the highest state court was given a full and fair opportunity to hear a claim if the petitioner has presented the highest state court with the claim's factual and legal basis. Duncan, 513 U.S. at 365 (legal basis); Kenney v. Tamayo-Reyes, 504 U.S. 1, 8-9, 112 S.Ct. 1715 (1992) (factual basis).

Additionally, the petitioner must have specifically told the state court that he was raising a federal constitutional claim. Duncan, 513 U.S. at 365-366; Lyons v. Crawford, 232 F.3d 666, 669 (9th Cir. 2000), amended, 247 F.3d 904 (2001); Hiivala v. Wood, 195 F.3d 1098, 1106 (9th Cir. 1999); Keating v. Hood, 133 F.3d 1240, 1241 (9th Cir. 1998). In Duncan, the United States Supreme Court reiterated the rule as follows:

> In Picard v. Connor, 404 U.S. 270, 275 . . . (1971), we said that exhaustion of state remedies requires that petitioners "fairly presen[t]" federal claims to the state courts in order to give the State the "opportunity to pass upon and correct alleged violations of the prisoners' federal rights" (some internal quotation marks omitted). If state courts are to be given the opportunity to correct alleged violations of prisoners" federal rights, they must surely be alerted to the fact that the prisoners are asserting claims under the United States Constitution. If a habeas petitioner wishes to claim that an evidentiary ruling at a state court trial denied him the due process of law guaranteed by the Fourteenth Amendment, he must say so, not only in federal court, but in state court.

Duncan, 513 U.S. at 365-366. The Ninth Circuit examined the rule further, stating:

> Our rule is that a state prisoner has not "fairly presented" (and thus exhausted) his federal claims in state court *unless he specifically indicated to that court that those claims were based on federal law*. See Shumway v. Payne, 223 F.3d 982, 987-88 (9th Cir. 2000). Since the Supreme Court's decision in Duncan, this court has held that the *petitioner must make the federal basis of the claim explicit either by citing federal law or the decisions of*

3

*federal courts, even if the federal basis is "self-evident,"* Gatlin v. Madding, 189 F.3d 882, 889 (9th Cir. 1999) (citing Anderson v. Harless, 459 U.S. 4, 7 . . . (1982), or the underlying claim would be decided under state law on the same considerations that would control resolution of the claim on federal grounds. Hiivala v. Wood, 195 F3d 1098, 1106-07 (9th Cir. 1999); Johnson v. Zenon, 88 F.3d 828, 830-31 (9th Cir. 1996); . . . .

In Johnson, we explained that the petitioner must alert the state court to the fact that the relevant claim is a federal one without regard to how similar the state and federal standards for reviewing the claim may be or how obvious the violation of federal law is.

Lyons v. Crawford, 232 F.3d 666, 668-669 (9th Cir. 2000) (italics added).

Petitioner raises four issues in his amended petition: (1) judicial misconduct; (2) denial of Petitioner's right to self-representation; and (3) violation of his right to speedy trial and due process; and (4) ineffective assistance of counsel. (Doc. 9 pp. 5-6). Concurrent with the filing of the instant motion to dismiss, Respondent lodged documents with the Court that establishes that Petitioner presented Grounds Two and Four to the California Supreme Court. (Doc. 22, p. 3; Lodged Documents ("LD") 3, 5). However, Respondent contended that Grounds One and Three were not exhausted. In response to Petitioner's contention that he had exhausted Grounds One and Three as well, Respondent filed a supplemental brief acknowledging that Petitioner had exhausted Ground One. (Doc. 29, p. 2). However, Respondent maintained that Petitioner had never exhausted Ground Three. (Id.). For his part, Petitioner responds that he has exhausted that claim, but presents no new information or evidence to support such an allegation.

A review of the records now lodged with the Court indicates that Petitioner has never exhausted Ground Three. Because Petitioner has not presented Ground Three to the California Supreme Court, the Court must dismiss this mixed petition. See Calderon v. United States Dist. Court, 107 F.3d 756, 760 (9th Cir. 1997) (en banc); Greenawalt v. Stewart, 105 F.3d 1268, 1273 (9th Cir. 1997). Therefore, Respondent's motion to dismiss should be granted.

However, The Ninth Circuit has long held that the district court must allow petitioners to amend mixed petitions and withdraw unexhausted claims as an alternative to dismissal. Smith v. Ratelle, 323 F.3d 813, 817 (9th Cir. 2003); James v. Giles, 221 F.3d 1074, 1077 (9th Cir. 2000)(petitioners "unquestionably" have the right to amend mixed petitions to delete unexhausted claims as an alternative to suffering dismissal).

In accordance with the Ninth Circuit's policy, this Court advised Petitioner in its order of February 14, 2008 that the Court had concluded that one of the claims was unexhausted and that the motion to dismiss the mixed petition would be granted unless Petitioner either filed a formal motion to withdraw the unexhausted claim or filed a motion to stay proceedings while he exhausted the unexhausted claim. (Doc. 36). Petitioner filed a motion on February 25, 2008 that was non-responsive to the Court's February 14, 2008 order in that Petitioner did not select either alternative offered by the Court but instead insisted that all grounds had been exhausted and demanded that the Court grant his petition. (Doc. 37).

Under the Local Rules for this Court, any request for judicial activity is a "motion." Local Rule 1-101(19). The Local Rules contemplate that when a party requests judicial action, he must do so by way of a motion. Local Rule 78-230(b), (m). Here, Petitioner has not filed a motion requesting the withdrawal of Ground Three, the unexhausted claim, despite being given an opportunity by this Court to do so. Nor has Petitioner chosen to request a stay of proceedings in order to exhaust Ground Three in state court.

Thus, the Court has no alternative but to grant Respondent's motion to dismiss this mixed petition.

**ORDER**

Accordingly, the Court HEREBY ORDERS as follows:

1. Respondent's motion to dismiss for lack of exhaustion (Doc. 22), is GRANTED;
2. The amended petition for writ of habeas corpus (Doc. 9), is DISMISSED; and
3. The Clerk of the Court is DIRECTED to enter judgment in favor of Respondent and close the file.

This order terminates the action in its entirety.

IT IS SO ORDERED.

Dated:   **March 11, 2008**                              **/s/ Theresa A. Goldner**
                                                         UNITED STATES MAGISTRATE JUDGE