IN THE UNITED STATES DISTRICT COURT FOR THE

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| HAROLD WALKER,<br><br>    Petitioner,<br>  v.<br><br>GEORGE J. GIURBINO,<br><br>    Respondent. | 1:04-cv-06452-TAG-HC<br><br>ORDER VACATING JUDGMENT ENTERED ON MARCH 12, 2008 (Doc. 39)<br><br>ORDER GRANTING PETITIONER'S MOTION FOR RECONSIDERATION (Doc. 40)<br><br>ORDER GRANTING PETITIONER'S MOTION TO WITHDRAW HIS UNEXHAUSTED CLAIM (Doc. 42) |

Petitioner is a state prisoner proceeding pro se in an application for a writ of habeas corpus pursuant to 28 U.S.C. § 2254.

**BACKGROUND**

On May 23, 2007, following consent by all parties, the matter was reassigned to the United States Magistrate Judge for all purposes. (Doc. 24). On May 17, 2007, Respondent filed a motion to dismiss, contending that Petitioner had failed to entirely exhaust his state court remedies as to all claims. (Doc. 22). On January 10, 2008, Petitioner notified the Court of a change of address to Fresno Parole Unit, 2222 "G" Street, Fresno, California. (Doc. 34). Subsequently, on February 8, 2008, Petitioner notified the Court of another change of address, this time to Wasco State Prison, Wasco, California. (Doc. 35).

On February 14, 2008, the Court issued an order permitting Petitioner the option of either withdrawing his unexhausted claims and proceeding on the exhausted claims or, alternatively, filing a motion to stay proceedings pending exhaustion of his unexhausted claims in state court. (Doc. 38).  Petitioner was ordered to respond within twenty days of the date of service of that order.  (Id.).  A review of the Court's electronic docket entries indicates that the Clerk of the Court sent that order to Petitioner's previous address at the Fresno Parole Unit, rather than to Wasco State Prison.

On February 25, 2008, Petitioner filed a motion asking the Court to grant the petition, but making no reference to the matters raised in the Court's February 14, 2008 order.  (Doc. 37). The Court, believing that the February 14, 2008 order had been properly served on Petitioner, assumed that Petitioner did not wish to proceed with either option afforded by that order. Accordingly, on March 12, 2008, the Court issued an order granting Respondent's motion to dismiss for lack of exhaustion and entering judgment against Petitioner.  (Doc. 39).

On March 24, 2008, Petitioner filed a motion for reconsideration in which he contends that he never received the Court's February 14, 2008 order.  (Doc. 40).  Petitioner supplemented this motion with an affidavit to that effect.  (Doc. 41).  Petitioner also filed a motion to withdraw his unexhausted claim.  (Doc. 42).  However, before the Court could act on Petitioner's motion for reconsideration, Petitioner filed his notice of appeal.  (Doc. 43).

## DISCUSSION

Federal Rule of Civil Procedure 60(b) governs the reconsideration of final orders of the district court.  The Rule permits a district court to relieve a party from a final order or judgment on grounds of:  "(1) mistake, inadvertence, surprise, or excusable neglect; (3) fraud . . . of an adverse party, . . . or (6) any other reason justifying relief from the operation of the judgment." Fed. R. Civ. P. 60(b).  The motion for reconsideration must be made within a reasonable time, in any event "not more than one year after the judgment, order, or proceeding was entered or taken." Id.

2

The Court has discretion to reconsider and vacate a prior order. <u>Barber v. Hawaii</u>, 42 F.3d 1185, 1198 (9th Cir.1994); <u>United States v. Nutri-cology, Inc.</u>, 982 F.2d 394, 396 (9th Cir.1992). Motions for reconsideration are disfavored, however, and are not the place for parties to make new arguments not raised in their original briefs. <u>Northwest Acceptance Corp. v. Lynnwood Equip., Inc.</u>, 841 F.2d 918, 925-26 (9th Cir.1988). Nor is reconsideration to be used to ask the Court to rethink what it has already thought. <u>United States v. Rezzonico</u>, 32 F.Supp.2d 1112, 1116 (D.Ariz.1998). Motions to reconsider are committed to the discretion of the trial court. <u>Combs v. Nick Garin Trucking</u>, 825 F.2d 437, 441 (D.C.Cir. 1987); <u>Rodgers v. Watt</u>, 722 F.2d 456, 460 (9th Cir. 1983) (en banc). To succeed, a party must set forth facts or law of a strongly convincing nature to induce the court to reverse its prior decision. <u>See</u>, <u>e.g.</u>, <u>Kern-Tulare Water Dist. v. City of Bakersfield</u>, 634 F.Supp. 656, 665 (E.D.Cal. 1986), aff'd in part and rev'd in part on other grounds, 828 F.2d 514 (9th Cir. 1987).

The Ninth Circuit has stated that "[c]lause 60(b)(6) is residual and 'must be read as being exclusive of the preceding clauses.'" <u>LaFarge Conseils et Etudes, S.A. v. Kaiser Cement</u>, 791 F.2d 1334, 1338 (9th Cir. 1986), quoting <u>Corex Corp. v. United States</u>, 638 F.2d 119 (9th Cir. 1981). Accordingly, "the clause is reserved for 'extraordinary circumstances.'" <u>Id</u>.

Moreover, when filing a motion for reconsideration,  Local Rule 78-230(k) requires a party to show the "new or different facts or circumstances claimed to exist which did not exist or were not shown upon such prior motion, or what other grounds exist for the motion."

Here, it is apparent that, despite the Court's best efforts to present Petitioner with reasonable alternatives to remedy the mixed petition currently at the heart of these proceedings, the inadvertent failure of the Clerk's office to properly serve Petitioner with the Court's order was an "extraordinary circumstance" that rendered the Court's subsequent order granting the motion to dismiss and entering judgment unfair and justifies relief from the operation of the judgment. Fed. R. Civ. P. 60(b).

///

3

# ORDER

Accordingly, the Court HEREBY ORDERS as follows:

1. The judgment entered on March 12, 2008 (Doc. 39), is VACATED;
2. Petitioner's motion for reconsideration (Doc. 40), is GRANTED; and
3. Petitioner's motion to withdraw his unexhausted claim (Doc. 42), is GRANTED.

IT IS SO ORDERED.

Dated:   **April 17, 2008**                                                  **/s/ Theresa A. Goldner**
                                                                              UNITED STATES MAGISTRATE JUDGE