IN THE UNITED STATES DISTRICT COURT FOR THE

EASTERN DISTRICT OF CALIFORNIA

| | | |
|---|---|---|
| HAROLD WALKER, | ) | 1:04-cv-06452-TAG-HC |
| | ) | |
| Petitioner, | ) | ORDER DENYING |
| v. | ) | CERTIFICATE OF |
| | ) | APPEALABILTY |
| GEORGE J. GIURBINO, | ) | |
| | ) | |
| Respondent. | ) | |
| | ) | |
| _____ | ) | |

Petitioner is a state prisoner proceeding pro se in an application for a writ of habeas corpus pursuant to 28 U.S.C. § 2254.

On May 23, 2007, following consent by all parties, the matter was reassigned to the United States Magistrate Judge for all purposes.  (Doc. 24).  On May 17, 2007, Respondent filed a motion to dismiss, contending that Petitioner had failed to entirely exhaust his state court remedies as to all claims.  (Doc. 22).  On January 10, 2008, Petitioner notified the Court of a change of address to Fresno Parole Unit, 2222 "G" Street, Fresno, California.  (Doc. 34). Subsequently, on February 8, 2008, Petitioner notified the Court of another change of address, this time to Wasco State Prison, Wasco, California.  (Doc. 35).

On February 14, 2008, the Court issued an order permitting Petitioner the option of either withdrawing his unexhausted claims and proceeding on the exhausted claims or, alternatively, filing a motion to stay proceedings pending exhaustion of his unexhausted claims in state court.

(Doc. 38).  Petitioner was ordered to respond within twenty days of the date of service of that order.  (Id.).  A review of the Court's electronic docket entries indicates that the Clerk of the Court sent that order to Petitioner's previous address at the Fresno Parole Unit, rather than to Wasco State Prison.

On February 25, 2008, Petitioner filed a motion asking the Court to grant the petition, but making no reference to the matters raised in the Court's February 14, 2008 order.  (Doc. 37). The Court, believing that the February 14, 2008 order had been properly served on Petitioner, assumed that Petitioner did not wish to proceed with either option afforded by that order. Accordingly, on March 12, 2008, the Court issued an order granting Respondent's motion to dismiss for lack of exhaustion and entering judgment against Petitioner.  (Doc. 39).

On March 24, 2008, Petitioner filed a motion for reconsideration in which he contends that he never received the Court's February 14, 2008 order.  (Doc. 40).  Petitioner supplemented this motion with an affidavit to that effect.  (Doc. 41).  Petitioner also filed a motion to withdraw his unexhausted claim.  (Doc. 42).  On April 14, 2008, Petitioner filed his notice of appeal. (Doc. 43).  On April 17, 2008, the Court granted Petitioner's motion for reconsideration, ordered the judgment of March 12, 2008 vacated, and granted Petitioner's motion to withdraw his unexhausted claim.

Although no express request was made for a certificate of appealability, the notice of appeal shall be deemed to constitute a request for a certificate.  See United States v. Asrar, 108 F.3d 217, 218 (9th Cir. 1997);  Fed. R.App. P. 22(b).  The requirement that a petitioner seek a certificate of appealability is a gate-keeping mechanism that protects the Court of Appeals from having to devote resources to frivolous issues, while at the same time affording petitioners an opportunity to persuade the Court that, through full briefing and argument, the potential merit of claims may appear.  Lambright v. Stewart, 220 F.3d 1022, 1025 (9th Cir. 2000).  However, a state prisoner seeking a writ of habeas corpus has no absolute entitlement to appeal a district court's denial of his petition, and an appeal is only allowed in certain circumstances.  Miller-El v.

2

1  _Cockrell_, 537 U.S. 322, 335-336 (2003).  The controlling statute, 28 U.S.C. § 2253, provides as

2  follows:

> (a) In a habeas corpus proceeding or a proceeding under section 2255 before a district
> judge, the final order shall be subject to review, on appeal, by the court of appeals for the
> circuit in which the proceeding is held.
> (b) There shall be no right of appeal from a final order in a proceeding to test the validity
> of a warrant to remove to another district or place for commitment or trial a person
> charged with a criminal offense against the United States, or to test the validity of such
> person's detention pending removal proceedings.
> (c)(1) Unless a circuit justice or judge issues a certificate of appealability, an appeal may
> not be taken to the court of appeals from--
>> (A) the final order in a habeas corpus proceeding in which the detention
>> complained of arises out of process issued by a State court;  or
>> (B) the final order in a proceeding under section 2255.
> (2) A certificate of appealability may issue under paragraph (1) only if the applicant has
> made a substantial showing of the denial of a constitutional right.
> (3) The certificate of appealability under paragraph (1) shall indicate which specific issue
> or issues satisfy the showing required by paragraph (2).

Accordingly, final orders issued by a federal district court in habeas corpus proceedings

are reviewable by the circuit court of appeals, and, in order to have final orders reviewed, a

petitioner must obtain a certificate of appealability.  28 U.S.C. § 2253.  This Court will issue a

certificate of appealability when a petitioner makes a substantial showing of the denial of a

constitutional right.  28 U.S.C. § 2253(c)(2).  To make a substantial showing, the petitioner must

establish that "reasonable jurists could debate whether (or, for that matter, agree that) the petition

should have been resolved in a different manner or that the issues presented were 'adequate to

deserve encouragement to proceed further'."  _Slack v. McDaniel_, 529 U.S. 473, 484 (2000)

(quoting _Barefoot v. Estelle_, 463 U.S. 880, 893 (1983)).

In the present case, the Court finds that Petitioner has not made the required substantial

showing of the denial of a constitutional right to justify the issuance of a certificate of

appealability.   Reasonable jurists would not find it debatable that Petitioner has not shown an

entitlement to federal habeas corpus relief.

///

///

3

1        Accordingly, the Court hereby ORDERS that Petitioner's request for a certificate of

2   appealability is DENIED.

3

4   IT IS SO ORDERED.

5   Dated:   **April 17, 2008**                              **/s/ Theresa A. Goldner**

6                                                    UNITED STATES MAGISTRATE JUDGE

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28
                                            4