IN THE UNITED STATES DISTRICT COURT FOR THE

EASTERN DISTRICT OF CALIFORNIA

| HAROLD WALKER, | ) | 1:04-cv-06452-TAG-HC |
|---|---|---|
| Petitioner, | ) ) | ORDER REQUIRING RESPONDENT TO FILE RESPONSE TO AMENDED PETITION |
| v. | ) ) | |
| GEORGE J. GIURBINO, | ) ) | |
| | ) ) | ORDER SETTING BRIEFING SCHEDULE |
| Respondent. | ) ) | |
| | ) | ORDER DIRECTING CLERK OF COURT TO SERVE DOCUMENTS |

Petitioner is a state prisoner proceeding pro se in an application for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. On May 23, 2007, following consent by all parties, the matter was reassigned to the United States Magistrate Judge for all purposes. (Doc. 24).

**BACKGROUND**

The original petition was filed on October 26, 2004. (Doc. 1). On June 7, 2005, Petitioner filed an amended petition. (Doc. 9). That petition raised four issues: (1) judicial misconduct; (2) denial of the right to self-representation; (3) violation of the right to speedy trial and due process; and (4) denial of effective assistance of counsel. (Id.). On May 17, 2007, Respondent filed a motion to dismiss, contending that Petitioner had failed to entirely exhaust his state court remedies as to Grounds One and Three. (Doc. 22). On May 29, 2007, Petitioner filed his opposition to the motion to dismiss, contending that Respondent was in error and that all of

his grounds had in fact been exhausted. (Doc. 27). On June 13, 2007, Respondent filed a response to Petitioner's opposition in which Respondent conceded that Ground One had been exhausted but contending that Ground Three, i.e., speedy trial, remained unexhausted and therefore the petition should be dismissed as mixed. (Doc. 28).

On January 10, 2008, Petitioner notified the Court of a change of address to Fresno Parole Unit, 2222 "G" Street, Fresno, California. (Doc. 34). Subsequently, on February 8, 2008, Petitioner notified the Court of another change of address, this time to Wasco State Prison, Wasco, California. (Doc. 35).

On February 14, 2008, the Court issued an order permitting Petitioner the option of either withdrawing his unexhausted claims and proceeding on the exhausted claims or, alternatively, filing a motion to stay proceedings pending exhaustion of his unexhausted claims in state court. (Doc. 38). Petitioner was ordered to respond within twenty days of the date of service of that order. (Id.). A subsequent review of the Court's electronic docket entries disclosed that the Clerk of the Court sent that order to Petitioner's previous address at the Fresno Parole Unit, rather than to Wasco State Prison.

On February 25, 2008, Petitioner filed a motion asking the Court to grant the petition, but making no reference to the matters raised in the Court's February 14, 2008 order. (Doc. 37). The Court, believing that the February 14, 2008 order had been properly served on Petitioner, assumed that Petitioner did not wish to proceed with either option afforded by that order. Accordingly, on March 12, 2008, the Court issued an order granting Respondent's motion to dismiss for lack of exhaustion and entering judgment against Petitioner. (Doc. 39).

On March 24, 2008, Petitioner filed a motion for reconsideration in which he contended that he never received the Court's February 14, 2008 order. (Doc. 40). Petitioner supplemented this motion with an affidavit to that effect. (Doc. 41). Petitioner also filed a motion to withdraw his unexhausted claim. (Doc. 42). On April 17, 2008, the Court granted the motion for reconsideration, vacated the entry of judgment, and granted Petitioner's motion to withdraw the

unexhausted Ground Three.  Accordingly, at this juncture, the amended petition contains only Grounds One, Two, and Four.

The Court has conducted a preliminary screening of the amended petition. Accordingly, pursuant to Rule 4 of the Rules Governing Section 2254 Cases and Rule 16 of the Federal Rules of Civil Procedure,[1] the Court HEREBY ORDERS as follows:

Respondent SHALL FILE a RESPONSE.  A Response can be made by filing the following AN ANSWER addressing the merits of the Amended Petition.  The Answer is due within **THIRTY (30)** days of the *date of service* of this order.[2]  Rule 4, Rules Governing Section 2254 Cases; Cluchette v. Rushen, 770 F.2d 1469, 1473-1474 (9th Cir. 1985) (court has discretion to fix time for filing an Answer.).

– Respondent SHALL INCLUDE with the Answer any and all transcripts or other documents necessary for the resolution of the issues presented in the Petition. Rule 5 of the Rules Governing Section 2254 Cases.

– Any argument by Respondent that Petitioner has *procedurally defaulted* a claim(s) SHALL BE MADE in an ANSWER that also addresses the merits of the claims asserted. This is to enable the Court to determine whether Petitioner meets an exception to procedural default. See, Paradis v. Arave, 130 F.3d 385, 396 (9th

---

[1] The Federal Rules of Civil Procedure are "applicable to habeas corpus proceedings to the extent that the practice in such proceedings are not set forth in the statutes of the United States and has heretofore conformed to the practice of civil actions." Fed.R.Civ.P. 81(a)(2).  Rule 11 also provides "the Federal Rules of Civil Procedure, to the extent that they are not inconsistent with these rules, may be applied, when appropriate, to the petitions filed under these rules." Rule 11, Rules Governing Section 2254 Cases.

[2] Due to the fact that this case has been pending since 2004, the Court is effectively expediting the briefing schedule in this case for both parties.  Accordingly, extensions of time will only be granted in the case of a bona fide emergency.  The parties are cautioned to be prepared to file their respective briefs in a timely manner pursuant to the briefing schedule set forth herein.

1 | Cir. 1997) (Procedurally defaulted claims may be reviewed on the
2 | merits to serve the ends of justice); <u>Jones v. Delo</u>, 56 F.3d 878 (8th
3 | Cir. 1995) (the answer to the question that it is more likely than not
4 | that no reasonable juror fairly considering all the evidence,
5 | including the new evidence, would have found Petitioner guilty
6 | beyond a reasonable doubt necessarily requires a review of the
7 | merits).

– Petitioner's TRAVERSE, if any, is due **TWENTY (20)** days from the date Respondent's Answer is filed with the Court.

All motions shall be submitted on the record and briefs filed without oral argument unless otherwise ordered by the Court.  Local Rule 78-230(h).  All provisions of Local Rule 11-110 are applicable to this order.

IT IS SO ORDERED.

Dated:  **July 10, 2008**              /s/ Theresa A. Goldner
                                       UNITED STATES MAGISTRATE JUDGE