IN THE UNITED STATES DISTRICT COURT FOR THE

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| HAROLD WALKER,<br><br>    Petitioner,<br><br> v.<br><br>GEORGE J. GIURBINO,<br><br>    Respondent. | 1:04-cv-06452-BAK-SMS-HC<br><br>ORDER DENYING AS MOOT PETITIONER'S MOTION FOR REPLACEMENT OF DOCUMENTS (Doc. 63)<br><br>ORDER DENYING AS MOOT PETITIONER'S MOTION TO GRANT PETITION FOR WRIT OF HABEAS CORPUS (Doc. 64) |

  Petitioner is a state prisoner proceeding pro se in an application for a writ of habeas corpus pursuant to 28 U.S.C. § 2254.

  On October 3, 2008, the Court denied the instant amended petition for writ of habeas corpus on the merits. (Doc. 61). Judgment was entered on the same date and the case was closed. (Doc. 62). Petitioner did not appeal the Court's ruling. However, on February 20, 2009, some five months later, Petitioner filed the instant motion seeking to have Respondent pay the expense of replacing all of Petitioner's court documents related to this case. (Doc. 63) On March 9, 2009, Petitioner also filed a belated motion to grant the amended petition. (Doc. 64).

1  The latter motion also renewed Petitioner's earlier request to require Respondent to pay for the
2  replacement of his court documents.

3                                              DISCUSSION

4       As mentioned, judgment was entered against Petitioner and in favor of Respondent on
5  October 3, 2008 and the case was closed at that time.  There are no pending proceedings for
6  which the Court documents would be pertinent, nor did Petitioner appeal the Court's denial of
7  his amended petition.  Thus, Petitioner's belated and unsupported request for replacement of
8  court documents is now moot.

9       Regarding Petitioner's motion for the Court to grant the petition, the Court construes
10 Petitioner's motion as a motion for reconsideration.  Reconsideration is appropriate if the district
11 court (1) is presented with newly discovered evidence, (2) committed clear error or the initial
12 decision was manifestly unjust, or (3) if there is an intervening change in controlling law.  School
13 Dist. No. 1J, Mulnomah Co., Or. V. Acand8, Inc., 5 F.3d 1255, 1263 (9th Cir. 1993). The Ninth
14 Circuit has indicated that the "overwhelming weight of authority is that the failure to file
15 documents in an original motion or opposition does not turn the late filed documents into "newly
16 discovered evidence." Id.; see Waltman v. International Paper Co., 875 F.2d 468, 473-474 (5th
17 Cir. 1989); Trentacosta v. Frontier Pac. Aircraft Indus., Inc., 813 F.2d 1553, 1557 & n. 4 (9th Cir.
18 1987); Frederick S. Wyle Professional Corp. v. Texaco, Inc., 764 F.2d 604, 609 (9th Cir. 1985).

19      Here, Petitioner provides no justification for reconsideration.  Rather, he simply contends
20 that Respondent's answer "failed to answer" the issues raised in the petition. (Doc. 64, p. 1).
21 None of the elements of reconsideration listed above are implicated by Petitioner's motion.
22 Petitioner's motion does not provide any newly discovered evidence, it does not demonstrate an
23 intervening change in controlling law, and it does not show that the Court committed clear error
24 or that the decision is manifestly unjust.  Accordingly, the motion for reconsideration will be
25 denied.

ORDER

For the foregoing reasons, the Court HEREBY ORDERS as follows:

1. Petitioner's motion for replacement of all court documents (Doc. 63), is DENIED as MOOT; and,

2. Petitioner's motion to grant the petition for writ of habeas corpus (Doc. 64), which the Court construes as a motion for reconsideration, is DENIED.

IT IS SO ORDERED.

**Dated:   September 21, 2009**              /s/ Sandra M. Snyder
                                          UNITED STATES MAGISTRATE JUDGE